# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs July 23, 2014 at Knoxville

## STATE OF TENNESSEE v. MICHAEL KENT WALKER

**Appeal from the Criminal Court for Putnam County**
**No. 11-0765     Leon Burns, Judge**

_____

**No. M2012-01134-CCA-R3-CD - Filed August 5, 2014**

_____

Pursuant to a plea agreement, the Defendant, Michael Kent Walker, pleaded guilty to selling Schedule I and Schedule II controlled substances in a drug-free zone. The plea agreement provided that the Defendant would receive concurrent Range I sentences for one Class B felony and one Class C felony, with the trial court to determine his sentences. Following a sentencing hearing, the trial court sentenced the Defendant to serve an effective sentence of twelve years of incarceration. The Defendant asserts that the trial court abused its discretion in ordering an effective twelve-year sentence. After a thorough review of the record and applicable law, we affirm the trial court's judgments.

**Tenn. R. App. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., J. and JOE H. WALKER, III, SP.J., joined.

John Philip Parsons, Cookeville, Tennessee for the Appellant, Michael Kent Walker.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark B. Thornton, Senior Counsel; Randy York, District Attorney General; and Anthony Craighead, Assistant District Attorney General for the Appellee, State of Tennessee.

## OPINION
### I. Background and Facts

This case arises out of the Defendant's sale of drugs within one thousand feet of Baxter Branch Library in Putnam County, Tennessee. A Putnam County grand jury indicted the Defendant for two counts of sale and delivery of a Schedule II controlled substance (oxycodone), two counts of the sale and delivery of a Schedule I controlled substance

(heroin), and four counts of violation of the Drug-Free School Zone Act. On January 10, 2012, pursuant to a negotiated plea agreement, the Defendant entered guilty pleas, as a Range I offender, to sale of a Schedule II controlled substance in a drug-free zone and sale of a Schedule I controlled substance in a drug-free zone. The remaining charges in the indictment were dismissed. The State offered the following recitation of the facts in support of the trial court's acceptance of the guilty pleas:

> [O]n August the 9th of 2010, agents with the state High Addiction Drug Task Force Agency were conducting an investigation into [the Defendant's] sale of controlled substances from his residence located on 314 Alexander Street in Baxter. The [S]tate would show that an undercover officer, introduced by a confidential informant, encountered the [D]efendant at that location and did purchase on August the 9th two Schedule II, Oxycodones, for eighty dollars ($80.00). That substance was confirmed by a TBI Laboratory analysis. This falls as a class "C" felony, Your Honor.
>
> And September the 1st 2010, this operation continued, b[y] the same undercover officer introduced by the confidential informant, then purchased what the TBI Lab would later confirm to be point 0 nine grams (.09 gm.) of Schedule I, heroine, for sixty dollars ($60.00).
>
> And both of these . . . sales, the State would show, occurred within 1,000 feet of the Baxter Branch Library, located at 200 Main Street, in - - Baxter.

Finding a factual basis for the guilty pleas, the trial court accepted the Defendant's guilty pleas. The agreement provided that the sentences for the convictions would run concurrently to each other and consecutively to a revoked probation sentence, with the trial court to determine the length of the sentences. The plea agreement provided that the Defendant would be sentenced as a Range I standard offender, and the plea agreement did not enhance the offense level pursuant to Tennessee Code Annotated section 39-17-432(b)(1).

At a sentencing hearing held on March 29, 2012, the parties presented the following proof: Lindsey Houston, a Tennessee Board of Probation and Parole officer, testified that she prepared the Presentence Investigation Report on the Defendant. The trial court admitted the Presentence Report into the record. Ms. Houston agreed that the Defendant's criminal history spanned over seven pages of the Presentence Report. She acknowledged that many of the offenses were misdemeanors involving "worthless checks." The Defendant also committed other misdemeanor offenses such as possession of drug paraphernalia, possession

of marijuana, public intoxication, theft, DUI, "soliciting to commit some substance abuse," criminal impersonation, fraudulent use of a credit card, and unlawful possession of a weapon.

Ms. Houston testified that the Defendant had five felony forgery convictions. In 2004, the Defendant was convicted of sale or delivery of a Schedule II controlled substance and ordered to serve five years on probation. The Defendant's probation sentence was revoked on January 9, 2006 and he was ordered to serve the sentence in incarceration. The Defendant received a two year probation sentence for a conviction involving a Schedule IV controlled substance. This probation sentence was also revoked on January 9, 2006. In 2001, the Defendant pled guilty to misdemeanor theft and was sentenced to probation. The Defendant violated this probation sentence as well.

Ms. Houston testified that the Defendant had criminal convictions in the State of California for: reckless driving, assault with a deadly weapon, "under the influence of a controlled substance," and two counts of forgery. He received a probation sentence for one of the forgery convictions. Ms. Houston testified that the Defendant was fifty-five years of age. He had been disabled since 1992 and unemployed for "numerous years."

On cross-examination, Ms. Houston confirmed that the Defendant had seven felony convictions in the State of Tennessee and one felony conviction in the State of California. Ms. Houston agreed that the Defendant had advised her that he received Social Security Disability benefits due to head and back injuries. Ms. Houston confirmed that the Defendant was currently serving a four-year sentence, for which his probation had been revoked on January 10, 2012. She was unaware of when that sentence expired.

After hearing the evidence, the trial court made the finding that the Defendant had an extensive history of criminal activity and had failed to comply with previous sentences involving release in the community on probation or parole. Based upon this, the trial court enhanced the Defendant's sentences to the maximum within the range, imposing a six-year sentence for the sale of a Schedule II controlled substance and a twelve-year sentence for the sale of a Schedule I controlled substance. It is from these judgments that the Defendant now appeals.

## II. Analysis

The Defendant argues that the trial court failed to make a proper record to justify the sentence. He asserts that the trial court "rushed the judgment" at the sentencing hearing. The State responds that the trial court imposed a sentence consistent with the purposes and principles of the Sentencing Act and that the Defendant has failed to show that the sentence is improper. We agree with the State.

In *State v. Bise*, the Tennessee Supreme Court reviewed changes in sentencing law and the impact on appellate review of sentencing decisions. The Tennessee Supreme Court announced that "sentences imposed by the trial court within the appropriate statutory range are to be reviewed under an abuse of discretion standard with a 'presumption of reasonableness.'" 380 S.W.3d 682, 708 (2012). A finding of abuse of discretion "'reflects that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case.'" *State v. Shaffer*, 45 S.W.3d 553, 555 (Tenn. 2001) (quoting *State v. Moore*, 6 S.W.3d 235, 242 (Tenn. 1999)). To find an abuse of discretion, the record must be void of any substantial evidence that would support the trial court's decision. *Id.*; *State v. Grear*, 568 S.W.2d 285, 286 (Tenn. 1978); *State v. Delp*, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980). The reviewing court should uphold the sentence "so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." *Bise,* 380 S.W.3d at 709-10. So long as the trial court sentences within the appropriate range and properly applies the purposes and principles of the Sentencing Act, its decision will be granted a presumption of reasonableness. *Id.* at 707. We are also to recognize that the defendant bears "the burden of showing that the sentence is improper." *State v. Ashby*, 823 S.W.2d 166, 169 (Tenn. 1991).

In determining the proper sentence, the trial court must consider: (1) the evidence, if any, received at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on the mitigating and enhancement factors set out in Tennessee Code Annotated sections 40-35-113 and -114; (6) any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and (7) any statement the defendant made in the defendant's own behalf about sentencing. *See* T.C.A. § 40-35-210 (2012); *State v. Taylor*, 63 S.W.3d 400, 411 (Tenn. Crim. App. 2001). The trial court must also consider the potential or lack of potential for rehabilitation or treatment of the defendant in determining the sentence alternative or length of a term to be imposed. T.C.A. § 40-35-103 (2012).

At the sentencing hearing, the trial court sentenced the Defendant, as a Range I, standard offender, to six years, the maximum in the sentencing range, for sale of a Schedule II controlled substance, a Class C felony, and to twelve years, also the maximum in the sentencing range, for the sale of a Schedule I controlled substance, a Class B felony. About its decision to impose maximum sentences, the trial court made the following findings:

> Probation has been revoked more than once, not only here but in California, but particularly here in Tennessee.

-4-

Many, many offenses. Forgeries, thefts, drug charges, DUIs. An extensive history.

And so I think that, based upon the extensive history, and the failure to comply, that those factors would be justified to enhance to the maximum within the range.

The record supports the trial court's findings. The trial court found that "the [D]efendant ha[d] a previous history of criminal convictions [or] criminal behavior in addition to those necessary to establish the appropriate range." *See* T.C.A. § 40-35-114(1). Our review of the record shows that the Defendant had seven felony convictions in the State of Tennessee, one felony conviction in the State of California and numerous misdemeanor convictions. The trial court also found that the Defendant had "failed to comply with the conditions of a sentence involving release into the community." *See* T.C.A. § 40-35-114(8). The record evidences that, in the past, trial courts had ordered sentences involving probation and that the Defendant failed to comply with the conditions of his release on at least three occasions. Moreover, the Defendant's probation sentence in another case was revoked on the same day he entered a guilty plea as to these offenses.

The record shows that the trial court "place[d] on the record [ ] what enhancement or mitigating factors were considered, . . . as well as the reasons for the sentence" in ordering a within-range sentence. *Bise*, 380 S.W.3d at 706 n. 41 (citing T.C.A. § 40-35-210(e)). The Defendant has not established that the trial court abused its discretion.

### III. Conclusion

After a thorough review of the record and relevant authorities, we conclude that the trial court properly sentenced the Defendant. As such, we affirm the trial court's judgments.

_____
ROBERT W. WEDEMEYER, JUDGE